Argued 27 June, decided 17 July, rehearing denied 28 August, 1905.

### McKINNON *v.* HIGGINS.

81 Pac. 581.

CONSTRUCTION OF CONTRACT TO DELIVER BUILDING FREE OF LIENS.

1. A stipulation in a building contract that the last installment due thereunder is to be paid when the building is surrendered free of all liens, requires an indemnitor, who has given an undertaking conditioned that the principal shall

faithfully comply with the terms of the contract, to see that the building is surrendered free of liens.

WAIVER OF LIMITATION BY INDEMNITOR.

2. An indemnitor on a building contract, which accepted from the owner the final payments under the contract, and then permitted liens to be filed against the property, waived its right to insist that an action by the owner to recover the damage sustained by the filing of the liens was not instituted within the time limited by the indemnity undertaking.

APPEAL—PRESUMPTION FROM INCOMPLETE BILL OF EXCEPTIONS.

3. Where the bill of exceptions does not purport to contain all the testimony introduced at the trial, it will be presumed on appeal that the evidence was sufficient to support the findings.

From Multnomah : ARTHUR L. FRAZER, Judge.

Action on a bond by J. A. McKinnon against J. W. Higgins and another. Judgment for plaintiff, and the other appeals.    AFFIRMED.

For appellant there was a brief over the name of *Platt & Platt,* with an oral argument by *Mr. Harrison Gray Platt.*

For respondent there was a brief over the names of *Whitney Lyon Boise, Waldemar Seton,* and *John T McKee,* with oral arguments by *Mr. Boise* and *Mr. McKee.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action by J. A. McKinnon against J. W. Higgins and the Ætna Indemnity Co., a corporation, to recover the damage resulting from the breach of an agreement. The facts are that on July 17, 1902, the plaintiff entered into a contract with the defendant Higgins, whereby the latter, in consideration of $2,181, stipulated to furnish the necessary material and to erect for plaintiff on or before October 16, 1902, a two-story house on a lot of ground situated on East Salmon Street, between Fourteenth and Fifteenth streets, in the City of Portland ; the last installment of the contract price to be paid when the building was surrendered to plaintiff free of all liens. To secure the performance of the terms of this agreement, Higgins, as principal, and the Ætna Indemnity Co., as surety, executed to plaintiff an undertaking of the same tenor and effect

as set out in the case of *Ausplund* v. *Ætna Indemnity Co.*, 47 Or. 10 (81 Pac. 577). The house was not completed within the time stipulated, whereupon plaintiff notified the indemnity company of such default, and thereafter, in pursuance of the terms of the undertaking, paid to the corporation the sums of money due Higgins under the agreement. Higgins also failed to pay for all the material used in the building, and to secure the sums due therefor several liens were filed against the property, and suits were instituted to foreclose such liens. The indemnity company was notified of the pendency of these suits, and requested to appear and make defense thereto, but neglected to do so, whereupon decrees were rendered foreclosing the liens. In pursuance of these decrees the plaintiff's property was offered for sale, to prevent which he was, on May 19, 1903, compelled to pay the sum of $1,393.11, for which he brings this action, and for interest thereon at 6 per cent since the date of the payment thereof. The pleadings and proceedings in this case are almost identical with those in the Ausplund Case, and, judgment having been rendered in plaintiff's favor for the sum demanded, the indemnity company appeals.

1. In the case at bar it was stipulated in the contract that the last installment due thereunder was to be paid when the building was surrendered free of all liens ; and, though the agreement is not as specific in this respect as the contract in the Ausplund Case, which contained a definite clause in relation to liens, we believe the stipulation in respect to the surrender of the premises free of all liens sufficient to bring it within the indemnity provided by the undertaking.

2. The final payments so made by plaintiff of the sum due under the contract did not forfeit his rights to the indemnity, but the indemnity company, by accepting this sum of money and permitting liens to be filed against the

property, waived its right to insist that the action to recover the damage sustained was not instituted within the time limited by the undertaking.

3. The decree foreclosing the liens is against the west half of lots 7 and 8 in block 294 of Hawthorne Park, in the City of Portland, while the contract specified that plaintiff's house should have been built on a lot of ground situated on East Salmon Street, between Fourteenth and Fifteenth streets, in the City of Portland, Oregon, and it is contended by appellant's counsel that no evidence was introduced at the trial tending to show that the real property described in the decree is identical with that specified in the contract and in the undertaking. The bill of exceptions in the case at bar does not purport to contain all the testimony introduced at the trial, and in the absence thereof it will be assumed that the evidence was sufficient, and hence the judgment is affirmed.          AFFIRMED.

---

Decided 3 July, 1905.