**WEST v. HIGGINS.**

81 Pac. 582.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by F. S. West against J. W. Higgins and the Aetna Indemnity Company. From a judgment for plaintiff, defendant corporation appeals. AFFIRMED.

For appellant there was a brief over the name of *Platt & Platt,* with an oral argument by *Mr. Harrison Gray Platt.*

For respondent there was a brief over the names of *Whitney Lyon Boise, Waldemar Seton* and *John T. McKee,* with oral arguments by *Mr. Boise* and *Mr. McKee.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action by F. S. West against J. W. Higgins and the Aetna Indemnity Company, a corporation, to recover damages for the breach of an agreement. The bill of exceptions shows that on July 29, 1902, the plaintiff entered into a contract with Higgins by the terms of which he, in consideration of $2,425, stipulated to furnish the necessary materials and to erect for plaintiff a two-story dwelling house on the northeast corner of Fifteenth and East Taylor streets, in the City of Portland. The structure was to have been completed on or before November 15, 1902, and the contract price was payable at the rate of 80 per

cent of the valuation of the materials furnished, the last payment to be made 15 days from the acceptance of the building, provided the plaintiff was satisfied that no liens were filed against or could be placed upon the building. To secure the performance of the terms of this agreement, Higgins, as principal, and the Aetna Indemnity Company, as surety, executed to plaintiff an undertaking of almost the same tenor and effect as specified in the case of *Ausplund* v. *Aetna Indemnity Co.* 47 Or. 10 (81 Pac. 577), and the same proceedings were had, resulting in a judgment in plaintiff's favor for the sum of $2,013.22 for money paid by plaintiff to prevent the sale of his property under decrees foreclosing liens for material used in the construction of his building, and the Aetna Indemnity Company appeals.

As the conclusion we have reached in the Ausplund case and in the case of *McKinnon* v. *Higgins*, 47 Or. 44 (81 Pac. 581), necessarily determines this appeal, the judgment is affirmed.

AFFIRMED.